# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY KREMEN,<br><br>            Plaintiff,<br><br>  vs.<br><br>MICHAEL JOSEPH COHEN,<br><br>            Defendant. | CASE NO. 12CV1145 JLS (DHB)<br><br>**ORDER (1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND (2) DENYING MOTION TO QUASH THE SUBPOENA DUCES TACUM ON JP MORGAN CHASE BANK**<br><br>(ECF Nos. 1, 2) |

Presently before the Court are Defendant Michael Joseph Cohen's ("Cohen") Motion to Proceed in Forma Pauperis ("IFP"), (IFP, ECF No. 2), and Cohen's Motion to Quash the Subpoena Duces Tacum on JP Morgan Chase Bank, (Mot. Quash, ECF No. 1). For the reasons stated, the Court **GRANTS** Cohen's motion to proceed IFP and **DENIES** the motion to quash.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of

assets, showing that plaintiff is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Cohen attests that he is not currently employed and received his last paycheck on February 28, 2012, for employment wherein he earned $110.00 per week. (IFP Mot. 2, ECF No. 2) Cohen has no other sources of income, nor does he have a checking or savings account. (*Id.*) He owns a 1998 Honda CRV, which he finances. (*Id.*) Cohen also borrowed $1,000 from an undisclosed source, and that loan is due in sixty days. (*Id.* at 3) Based on the information provided, the Court finds that Cohen is unable to pay the required filing fee. Accordingly, Cohen's motion to proceed IFP is **GRANTED**.

## MOTION TO QUASH

Cohen moves to quash a subpoena issued by the U.S. District Court for the Southern District of California on April 19, 2012. The subpoena directs JPMorgan Chase Bank to "produce and permit inspection and copying" various documents pertaining to accounts in the name of Stephen Cohen. (Mot. Quash Ex. A, at 10,[1] ECF No. 1 (Subpoena)) JPMorgan Chase Bank is located in Los Angeles, California, and the documents are directed to be produced in San Diego, California, at 10:00am on May 16, 2012. (*Id.*)

Cohen asserts that the "subpoena was issued from this entitled court on a party located in the Central District of California for production of documents in this district which is over 110 miles away and outside of this district's judicial boundaries." (Mot. Quash 1, ECF No. 1) He argues that the motion should be quashed because "Plaintiff . . . failed to pay the requisite fees for the third party travel from Los Angeles to San Diego, California including all other related expenses." (*Id.* at 2) It thus appears that Cohen brings the instant motion to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii), which permits a court to quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ."

The Court notes, however, that the subpoena requires JPMorgan Chase Bank to produce documents at a designated location, and does not require any travel by a subpoenaed person. As

---

[1] Pin cites to exhibits in this Order utilize the page numbers assigned by CM/ECF.

1  such, Rule 45(c)(3)(A)(ii) does not apply because "the 100 mile limit [in Rule 45(c)(3)(A)(ii)]
2  applies to travel by a subpoenaed person, but a person commanded to produce documents 'need
3  not appear in person at the place of production or inspection.'" *Walker v. Ctr. for Food Safety*,
4  667 F. Supp. 2d 133, 138 (D.D.C. 2009) (quoting Fed. R. Civ. P. 45(c)(2)(A) ("*Appearance Not*
5  *Required.* A person commanded to produce documents, electronically stored information, or other
6  tangible things, or to permit the inspection of premises, need not appear in person at the place of
7  production or inspection unless also commanded to appear for a deposition, hearing, or trial.")).
8  Accordingly, Cohen's motion to quash is **DENIED**.

   **IT IS SO ORDERED**.

DATED: May 11, 2012

                               *Janis L. Sammartino*
                               Honorable Janis L. Sammartino
                               United States District Judge